IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JEFFREY L. HANNA, )
 )
    **Plaintiff,** )
 )
v. ) CIVIL ACTION NO. 5:03-2231
 )
JO ANNE B. BARNHART, )
**Commissioner of Social Security,** )
 )
    **Defendant.** )

## PROPOSED FINDINGS AND RECOMMENDATION

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Claimant's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. This case was referred to the undersigned United States Magistrate Judge by Standing Order to consider the pleadings and evidence, and to submit Proposed Findings of Fact and Recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before the Court is the Commissioner's Motion to Dismiss (Doc. No. 8).

The Commissioner seeks dismissal of Plaintiff's Complaint on the ground that it was filed on October 6, 2003, more than 60 days after receipt of the Commissioner's final decision and, therefore, did not comply with 42 U.S.C. § 405(g). The Commissioner asserts that Plaintiff should have commenced this action on or before September 15, 2003.[1] In addition, the Commissioner argues that there are no circumstances that justify equitable tolling of the 60-day requirement of 42 U.S.C. § 405(g). As previously noted, Plaintiff has not responded to the Commissioner's Motion.

---

[1] As the Commissioner notes, 65 days from July 11, 2003 is September 14, 2003; however, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, Claimant would be given until September 15, 2003 to file his action because September 14, 2003 was a Sunday.

The Court makes the following findings as to the procedural history in this case:

1. The ALJ issued an unfavorable decision on January 8, 2002. (Commissioner's Motion to Dismiss, Declaration of Robin M. Marquis ¶ 3(a).)

2. The Appeals Council denied Plaintiff's request for review on July 11, 2003. (Commissioner's Motion to Dismiss, Declaration of Robin M. Marquis ¶ 3(a).) The decision of the Appeals Council notified the Plaintiff of his right to commence a civil action within 60 days of receipt and was sent to his then representative, Frederick Mason.

3. The Plaintiff filed his complaint with the Clerk of the District Court on October 6, 2003 by his attorney, Eric M. Francis. (Document # 1.)

Judicial review of a determination made by the Commissioner of Social Security is controlled by 42 U.S.C. § 405(g), which provides in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

Pursuant to the Commissioner's authority under § 405(g) to allow "further time" for the commencement of civil actions, the Commissioner promulgated 20 C.F.R. § 422.210(c) (2003). Under the regulation, the 60-day period starts when notice is received by the claimant. The regulations also create a rebuttable presumption that the claimant receives the notice "five days after the date of such notice." A claimant can rebut this presumption by making a "reasonable showing to the contrary" that he or she did not receive such notice within the five days. 20 C.F.R. §

2

422.210(c) (2003). If the claimant successfully rebuts the presumption, the burden is then placed upon the Commissioner to establish that the claimant received actual notice. McCall v. Bowen, 832 F.2d 862, 864 (5th Cir. 1987); Matsibekker v. Heckler, 738 F.2d 79, 81 (2d Cir. 1984).

In the present case, the Appeals Council issued its decision on July 11, 2003. Pursuant to 20 C.F.R. § 422.210(c), Plaintiff is presumed to have received the notice from the Appeals Council on July 16, 2003. Thus, the 60-day period ran on September 15, 2003. Claimant has not attempted to rebut the presumption that he received the Appeals Council's notice on or before July 16, 2003. Additionally, without any response from Plaintiff, there appear to be no circumstances which would justify equitable tolling of the sixty-day requirement in this case.

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the District Court **GRANT** the Commissioner's Motion to Dismiss and **DISMISS** this action from the docket of the Court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Chief Judge Faber, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to counsel of record.

ENTER: January 3, 2005.

R. Clarke VanDervort
United States Magistrate Judge